UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                              ORDER

BRIAN VAUGHN,                               17-CR-89-15 (CS)

                 Defendant.
-------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Brian Vaughn's motion for reconsideration, (Docs. 1164-65), of my order denying a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 1021), and the Government's opposition thereto, (Doc. 1167). Familiarity with my prior ruling, and with the standards governing motions under § 3582(c)(1)(A) – including the Second Circuit's recent decision in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), which I apply here – is presumed.

       Defendant informs the Court that he has been advised by the Bureau of Prisons ("BOP") that he is not eligible for a sentence reduction should he complete the Residential Drug Abuse Program ("RDAP"). This is not new information, as the documentation of this fact is dated October 2019, (Doc. 1164 at 15) – well before Defendant's initial motion – but I will treat it as such. Defendant argues that his being found ineligible is unjust because his co-defendant John Castelucci, who also pleaded guilty to racketeering conspiracy, and a defendant from Massachusetts named Corso – who, according to Defendant, was convicted of multiple counts of loansharking and made explicit and graphic threats of violence – are getting a year off their sentences for completing the program. I recognize that under *Brookner* I can consider this argument. But having done so, I do not find that it contributes to extraordinary and compelling

circumstances. It appears to me that BOP correctly found, under its policy, that Defendant was ineligible for a reduction because his offense of conviction, by its nature, presents a serious risk of physical force against the person or property of another, based on Defendant's loansharking and extortion, including recordings in which he discussed assaults he committed or planned to commit to collect debts. (*See* Doc. 354 ("PSR") ¶¶ 23-24; *see also* 28 C.F.R. § 550.55(b)(5)(iii).) I have already made clear my dismay that Castelucci was even accepted into RDAP, (Doc. 1039),[1] and if the facts of Mr. Corso's case are as Defendant represents them, he does not seem eligible for a sentence reduction under BOP policy either. But two (or three) wrongs do not make a right. That Mr. Castelucci and/or Mr. Corso may be getting an unwarranted benefit does not mean Defendant is deserving of that same unwarranted benefit. So Defendant's fairness argument is not compelling.

One thing that has changed since my original ruling is that Defendant has served about seven additional months. That does not significantly change the calculus in my mind, as he has served only a little more than forty-two months of his eighty-four-month sentence.[2]

---

[1] Just because Mr. Castelucci and Defendant were both convicted of racketeering conspiracy does not mean that the former's Presentence Report describes activity on his part that, by its nature, presents a risk of the use of physical force.

[2] Defendant calculates that he could be released to a halfway house in a year, but that is based on the assumption that he successfully completes RDAP and gets a one-year sentence reduction. The first is speculative and the second is unlikely. BOP calculates Defendant's release date as June 12, 2023. That said, I commend Defendant for his participation in RDAP so far and for the insights he shows in his motion, and I hope he continues with the program not merely in the hope that he will successfully appeal of the finding of ineligibility, but because RDAP will be helpful to him and his family.

Another thing that has changed – and the most important, to my mind – is that COVID-19 has come to FCI Englewood in a big way.[3]  That fact alone might change the calculus in my original decision and, in light of Defendant's health conditions, justify a finding of extraordinary and compelling reasons.  But, in addition, Defendant has just on December 7 tested positive for COVID-19.  The positive test came about as a result of screening due to exposure, and fortunately Defendant exhibited no symptoms.  His vital signs were normal and he is being monitored by medical personnel.  Now that he has contracted COVID-19 (so far suffering no ill effects, happily) a sentence reduction based on the risk of contracting it does not make sense.  Nor have I been presented with any reason to believe that Defendant would not receive appropriate treatment were he to develop symptoms.  Further, even if the positive test did amount to an extraordinary and compelling reason, I continue to believe that the § 3553(a) factors militate against release, for the reasons set forth in my previous decision.

Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to send a copy of this Order to Brian Vaughn, No. 89386-053, FCI Englewood, Federal Correctional Institution, 9595 West Quincy Avenue, Littleton, CO 80123.

Dated: December 10, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[3] The Government's description of the situation at FCI Englewood as an "uptick" is a serious understatement.  According to the BOP website, 650 out of 900 inmates there have tested positive.  "Explosion" might be a more apt word.  Fortunately no inmates or staff have died.