UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                        ORDER

BRIAN VAUGHN,                           No. 17-CR-89-15 (CS)

                      Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Brian Vaughn's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 1210), and the Government's opposition thereto, (ECF No. 1219). Familiarity with my prior rulings, (ECF Nos. 1021, 1168), is presumed.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline

§ 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant has completed almost 53 months of his 84 month sentence and is due to be released on June 12, 2023.

Defendant argues that the dangers posed by the Delta variant of the coronavirus to those in prison, combined with his good conduct, rehabilitation, release plan and medical conditions, present an extraordinary and compelling circumstance. (ECF No. 1210 at 5.) His medical conditions are an enlarged fatty liver, arthritis and a shoulder injury. (*Id.* at 7.) Arthritis and shoulder injuries have not been identified by the Centers for Disease Control ("CDC") as factors that increase the risk of a severe case if one were to contract COVID-19. While chronic liver disease is a risk factor, Defendant does not suggest, or provide medical evidence, that his condition rises to that level. Further, Defendant both has recovered from a mild bout of COVID-19 and is fully vaccinated against the virus. Finally, while FCI Englewood, where Defendant is incarcerated, had a serious outbreak of COVID-19, it appears to have passed, with (according to the Bureau of Prisons) one current inmate case, down from a high of 650 on December 13, 2020 (according to the Department of Justice Office of Inspector General COVID-19 Dashboard). All of these factors suggest that Defendant's chances of a serious case of COVID-19 are minimal.

In the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020)

(internal quotation marks omitted) (collecting cases), *reconsideration denied*, 2020 WL 5912811 (Oct. 6, 2020) ; *see United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases).

Finally, while Defendant's work, programming and minimal discipline in prison are commendable, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t). While I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling  is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), I do not find that the combination of circumstances here rises to that level. Making good use of one's time and obeying the rules in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020) ("Finding the existence of extraordinary and compelling circumstances where a defendant has virtually no disciplinary record would expand the extremely narrow circumstances in which Congress permitted courts to award such relief to a remedy handed out as a matter of course especially when model prison conduct is expected.") (cleaned up).

Because, for the reasons stated above, Defendant has not shown  extraordinary and compelling circumstances, I need not reach the § 3553(a) factors, except to note that I continue to believe, for the reasons stated in my prior orders, that they would militate against release. In

light of Defendant's history, releasing him now would undermine several purposes of sentencing, including reflecting the seriousness of the offense, promoting respect for the law, just punishment, deterrence and protection of the public from further crimes.[1]

    Accordingly, the motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 1210 and to send a copy of this Order to Brian Vaughn, No. 89386-053, FCI Englewood, Federal Correctional Institution, 9595 West Quincy Avenue, Littleton, CO 80123>

Dated: October 12, 2021
       White Plains, New York

*Cathy Seibel* (signature)
CATHY SEIBEL, U.S.D.J.

---

[1] Defendant statess that BOP believes, based on his PATTERN score, that he has a low likelihood of recidivism, (ECF No. 1210 at 11), but the Court believes Defendant's long-term loyalty to the Mafia, and the variety of serious crimes he committed as part of that association, present a serious risk of recidivism on the part of a man who is only fifty-five years old.